**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**JOHN DOE,**

**Plaintiff,**

**v.** **Case No. 26-CV-1860-SCD**

**MARKWAYNE MULLIN,**
**JOSEPH B. EDLOW,**
**ANGELICA ALFONSO-ROYALS,**
**CARRIE M. SELBY,** and
**TODD BLANCHE,**

**Defendants.**

---

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**

---

On October 6, 2026, the plaintiff filed this action seeking to compel the U.S. Citizenship and Immigration Services to adjudicate his immigration petitions. *See* Compl., ECF No. 1. The plaintiff filed the action under the pseudonym "John Doe," claiming that he is a survivor of domestic violence and that he fears retaliation from his former spouse. Consistent with local rules, the plaintiff has disclosed his name to the court. He has also provided the government with the information necessary to uncover his true identity. The plaintiff now seeks court permission to proceed under a pseudonym, which the government does not oppose. *See* Pl.'s Mot., ECF No. 9.

"The norm in federal litigation is that all parties' names are public." *Doe v. Trs. of Ind. Univ.*, 101 F.4th 485, 491 (7th Cir. 2024) (citations omitted); *see also* Fed. R. Civ. P. 10(a) (requiring complaints to "name all the parties"). "Judicial proceedings are open to the public,

which has an interest in knowing the who and the how about the behavior of both judges and those who call on the large subsidy of the legal system." *Doe v. Trs. of Ind. Univ.*, 101 F.4th at 491. Thus, "[t]o proceed anonymously, a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Doe v. Village of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016) (citing *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997); *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004)). For example, anonymity may be required "to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses." *Doe v. Blue Cross & Blue Shield*, 112 F.3d at 872. Anonymity may also be warranted where the party seeking it demonstrates "[a] substantial risk of harm—either physical harm or retaliation by third parties, beyond the reaction legitimately attached to the truth of events as determined in court." *Doe v. Trs. of Ind. Univ.*, 101 F.4th at 491.

The plaintiff has demonstrated exceptional circumstances warranting anonymity in this case. According to the plaintiff, his former spouse physically and emotionally abused him and threatened on several occasions to call Immigration and Customs Enforcement and have him deported. *See* Pl.'s Decl. ¶¶ 3–4, ECF No. 11. The former spouse does not know that the plaintiff has filed a petition under the Violence Against Women Act or an application to adjust his immigration status and does not where the plaintiff lives or works. *See id.* ¶¶ 2, 6–7. The plaintiff fears that, if his identity were disclosed in this action, the former spouse would track him down and attack him again. *See id.* ¶¶ 1, 8–9. Thus, the plaintiff has established a substantial risk of retaliation by a third party if his identity were made public.

On the other side of the balancing test, the public's interest in knowing the plaintiff's identity and the potential prejudice to the defendants appears quite minimal. The plaintiff

alleges that the government has unreasonably delayed adjudicating his immigration applications, and he seeks only declaratory relief. Therefore, any public interest in knowing what the judicial system is doing is well-served without knowing the plaintiff's name. Also, the defendants do not oppose the plaintiff's request, and they will learn—or already know—the plaintiff's name. The overall balance of the factors thus favors pseudonymity.

Accordingly, for all the foregoing reasons, the court **GRANTS** the plaintiff's unopposed motion for leave to proceed under pseudonym, ECF No. 9. The plaintiff may proceed under the pseudonym "John Doe" in all captions, filings, orders, and proceedings in this action. The clerk of court shall retain under seal the disclosure statement identifying the plaintiff's actual name, ECF No. 3. The parties shall refer to the plaintiff in public filings only by the pseudonym and shall redact from public filings, including any administrative record, the plaintiff's name and other information that would identify the plaintiff, such as the plaintiff's alien registration number, address, date of birth, and USCIS receipt numbers. Where redaction cannot adequately protect the plaintiff's identity, the filing party shall move to restrict or seal the filing under General Local Rule 79(d). Plaintiff's counsel may disclose the plaintiff's actual name, alien registration number, and unredacted USCIS receipt notices to counsel for the defendants. The defendants and their counsel shall use that information only for purposes of this litigation and consistent with 8 U.S.C. § 1367. The court may revisit this order if circumstances change.

**SO ORDERED** this 20th day of November, 2026.

Stephen C. Dries

STEPHEN C. DRIES
United States Magistrate Judge